UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MAURICE LARRY DeLEE,

                       Plaintiff,

                v.

MR. RUSSO, et al.,

                       Defendants.

DECISION
and
ORDER

17-CV-00448A(F)

_____

APPEARANCES:      MAURICE LARRY DeLEE, *Pro Se*
07-B-0369
Franklin Correctional Facility
Box 10
Malone, New York 12953-0010

BARBARA D. UNDERWOOD
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendants
HILLEL DAVID DEUTSCH
Assistant Attorney General, of Counsel
144 Exchange Boulevard
Rochester, New York 14614

## **JURISDICTION**

This case was referred to the undersigned by Honorable Richard J. Arcara on March 7, 2018, for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motion to revoke Plaintiff's *in forma pauperis* status and to stay (Dkt. 10), filed December 28, 2017.

## BACKGROUND and FACTS[1]

On May 22, 2017, Plaintiff Maurice Larry DeLee ("Plaintiff"), proceeding *pro se*, commenced this action by filing a Complaint asserting Defendants violated his civil rights, and also requested *in forma pauperis* ("IFP") status (Dkt. 2), which was granted on October 25, 2017. An Amended Complaint (Dkt. 5) ("Amended Complaint"), was filed August 10, 2017. On December 28, 2017, Defendants filed the instant motion ("Defendants' Motion"), seeking revocation of Plaintiff's IFP status, and to stay the action pending Plaintiff's payment of the filing fee, attaching a Memorandum of Law (Dkt. 10-1). On January 10, 2018, Plaintiff filed Plaintiff's Affidavit in Opposition to Defendant's Notice of Motion and Memorandum of Law with attached exhibits (Dkt. 13) ("Plaintiff's Response"). In further support of their motion, Defendants filed on January 24, 2018, the Reply Memorandum of Law (Dkt. 14) ("Defendants' Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion is GRANTED.

## DISCUSSION

Defendants argue, Defendants' Memorandum at 1-2, that Plaintiff's IFP status should be revoked under the so-called "three-strikes rule" set forth in 28 U.S.C. § 1915(g) ("§ 1915(g)"), which provides that an inmate plaintiff who has, on three or more prior occasions, brought actions in federal court, while incarcerated, which were dismissed as frivolous or malicious, or for failing to state a claim upon which relief can be granted, is barred from proceeding IFP absent imminent danger of serious physical

---

[1] The Facts are taken from the pleadings and motion papers filed in this action.

injury. Defendants maintain Plaintiff's previous federal litigation activity, including two other actions in this court and one appeal, that were dismissed under the grounds set forth in § 1915(g), requires revocation of Plaintiff's IFP status. *Id.* (citing *DeLee v. Sealed Defendant*, 08-CV-00474, Dkt. 6 (N.D.N.Y. June 12, 2008) (*sua sponte* dismissing complaint in its entirety and with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)) ("First Asserted Strike")[2]; *DeLee v. Strough*, 12-CV-00841, Dkt. 15 (W.D.N.Y. Sept. 15, 2014) (*sua sponte* dismissing amended complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A) ("Second Asserted Strike"), and *DeLee v. Strough*, 12-CV-00841, Dkt. 19 (2d Cir. Apr. 28, 2015) (mandate of Second Circuit Court of Appeals denying and dismissing Plaintiff's appeal from Second Asserted Strike as "lack[ing] an arguable basis either in law or in fact" under 28 U.S.C. § 1915(e) ("Third Asserted Strike")). In opposing Defendants' Motion, Plaintiff argues that an action cannot be counted as a strike under § 1915(g) if it is impossible to discern the basis for the court's dismissal of the First Asserted Strike. Plaintiff's Response at 1. Alternatively, Plaintiff relies on the "imminent danger" exception in maintaining the instant action should not be dismissed pursuant to the three-strikes rule. In further support of their motion, Defendants argue the PACER entry for the First Asserted Strike establishes the basis for such dismissal was 28 U.S.C. § 1915(e)(2)(B)(ii) (dismissal of complaint for failure to state a claim for which relief may be granted), Defendants' Reply at 1-2, and that Plaintiff provides no basis establishing the imminent danger exception applies. *Id.* at 2-3.

---

[2] Although Defendants do not specify which district court issued the order dismissing Plaintiff's First Asserted Strike, which is was not found in a search of this court's CM/ECF data base, a search of the Northern District of New York's CM/ECF database establishes the First Asserted Strike was issued in that court.

3

As relevant, the Prison Litigation Reform Act of 1995 ("PLRA") three strikes rule provides that an inmate may not proceed IFP "if the prisoner has, on three or more occasions, while incarcerated or detained in any [correctional] facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Accordingly, the court considers whether Plaintiff's three previously dismissed cases, including one dismissed on appeal, qualify as strikes pursuant to § 1915(g) so as to require revocation of Plaintiff's IFP status.

The court's determination whether the dismissal of an earlier action filed by Plaintiff qualifies as a "strike" requires the court to construe § 1915(g). *See Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (considering question of whether prior dismissed action constitutes a strike under § 1915(g) to be a matter of statutory construction). "'Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of the language accurately expresses the legislative purpose.'" *Id.* (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)). "A dismissal triggers § 1915(g) only if the action or appeal is 'frivolous,' 'malicious,' or 'fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)). Significantly, "[t]he phrase 'fails to state a claim upon which relief may be granted' is an explicit reference to Fed.R.Civ.P. 12(b)(6)...." *Id.* (quoting Fed.R.Civ.P. 12(b)(6), and citing *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ("the phrase 'fails to state a claim on which relief may be granted,' as used elsewhere in § 1915, 'parallels the language of Federal Rule of Civil

Procedure 12(b)(6).'")).  For purposes of § 1915(g), a case is considered malicious "'if it was filed with the intention or desire to harm another.' " *Id.* Further, "[a] frivolous action advances 'inarguable legal conclusion[s]' or 'fanciful factual allegations.'" *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)) (brackets in original).  "Thus, the term 'frivolous' refers to the ultimate merits of the case." *Id.* (observing the premature filing of an interlocutory appeal was a jurisdictional defect that had nothing to do the merits of the underlying claim and, as such, did not constitute a strike under § 1915(g)).

In the instant case, because there is no indication that any of Plaintiff's prior cases were dismissed after being deemed to have been filed with the intention of harming any defendant, and Defendants do not argue as much, the court need consider only whether any of Plaintiff's previous cases were dismissed as frivolous or for failure to state a claim for which relief may be granted.  Plaintiff does not dispute that the Second Asserted Strike and the Third Asserted Strike qualify as strikes under § 1915(g), and a plain review of the reason for those dismissals establishes as much. *See DeLee v. Strough*, 12-CV-00841, Dkt. 15 (W.D.N.Y. Sept. 15, 2014) (*sua sponte* dismissing amended complaint with prejudice for failing to state a claim for which relief may be granted), and *DeLee v. Strough*, 12-CV-00841, Dkt. 19 (2d Cir. Apr. 28, 2015) (mandate of Second Circuit Court of Appeals denying and dismissing Plaintiff's appeal from Second Asserted Strike for lack of arguable basis in law or in fact).  Further, although not challenged by Plaintiff, that the Third Asserted Strike is the dismissal of the appeal of the Second Asserted Strike does not preclude counting the two dismissals as separate strikes particularly where, as here, the district court's earlier dismissal was under § 1915(e)(2)(B)(ii) for failure to state a claim, and certified any appeal would not

5

be taken in good faith. *See Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) ("we hold that sequential dismissals on strike grounds can provide separate strikes under § 1915(g)" provided the earlier district court specifically ruled its dismissal was based on grounds under § 1915(e)). Accordingly, the court need consider only whether the First Asserted Strike constitutes a strike under § 1915(g).

A review of the First Asserted Strike establishes the district court dismissed Plaintiff's complaint in that action *sua sponte*, in its entirety and with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). In other words, the First Asserted Strike was dismissed for failure to state a claim for which relief can be granted. There thus is no merit to Plaintiff's assertion that he is unable to discern the reason for the District Court's dismissal of the First Asserted Strike which, as provided in the order dismissing the complaint in that action, is among the reasons an action dismissed can count as a strike for purposes of the three-strikes rule. *Akassy v. Hardy*, 887 F.3d 91, 95 (2d Cir. 2018) 473 F.3d at 442 (dismissal for failure to state a claim for which relief may be granted constitutes strike under § 1915(g)).

Nor has Plaintiff established the imminent danger exception to the three-strikes rule applies. In particular, qualification for the imminent danger exception requires the asserted danger be imminent, and a conclusory assertion of such unspecified danger will not suffice. *See Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002) ("Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."). Insofar as Plaintiff relies on Defendants' alleged prior use of force to establish the requisite imminent danger exception, "'[b]y using the term 'imminent,' Congress

indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.'" *Id.* (quoting *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001)). Furthermore, Plaintiff's claims in his Complaint pertain to the alleged actions of Defendants while Plaintiff was housed in Gowanda Correctional Facility, Complaint ¶¶ 2-6, 8, 10, 13, 15-21, and Collins Correctional Facility. Complaint ¶¶ 7, 9, 14. Plaintiff, however, is no longer housed at either of those two correctional facilities, further undermining any argument that he is at risk of imminent danger. Significantly Plaintiff was housed in Cayuga Correctional Facility when he commenced this action and, thus, was not in "imminent danger" when Plaintiff initiated this action. Accordingly, Plaintiff's bald, conclusory assertions of imminent danger, Plaintiff's Response at 2, are insufficient to avoid application of the three-strikes rule based on the imminent danger exception.

The revocation of Plaintiff's IFP status based on the three strikes rule, however, does not require the immediate dismissal of the instant action but, rather, permits Plaintiff time to pay the filing fee and avoid dismissal of the action. Because Plaintiff's failure to pay the filing fee is cause to dismiss the action, Defendants' request that the action be stayed pending Plaintiff's payment of the filing fee also should be granted.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion (Dkt. 10), is GRANTED; Plaintiff is ORDERED to pay the $ 400 filing fee no later than forty-five (45) days of this Decision and Order, and the action is STAYED pending payment of the filing fee. Should Plaintiff fail to pay the filing fee within the forty-five day period, the Clerk of the Court should be directed to enter an Order of dismissal of the Amended Complaint and close the file. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 10, 2018
           Buffalo, New York