UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MAURICE LARRY DeLEE,

                            Plaintiff,

         v.

MR. RUSSO, et al.,

                            Defendants.
_____

REPORT
and
RECOMMENDATION
----------------------------
DECISION
and
ORDER

17-CV-00448A(F)

APPEARANCES:      MAURICE LARRY DeLEE, *Pro se*
                             07-B-0369
                             Franklin Correctional Facility
                             Box 10
                             Malone, New York 12953-0010

                             LETITIA JAMES
                             NEW YORK STATE ATTORNEY GENERAL
                             Attorney for Defendant
                             HILLEL DAVID DEUTSCH
                             Assistant New York Attorney General, of Counsel
                             144 Exchange Boulevard
                             Rochester, New York 14614

## **JURISDICTION**

On March 7, 2018, Hon. Richard J. Arcara referred this case to the undersigned for all pretrial matters including preparation of a report and recommendation on dispositive motions. The matter is presently before the court on Defendants' motions to dismiss, filed November 16, 2018 (Dkt. 26), and to vacate the entry of default as against Defendant Roache, filed December 13, 2018 (Dkt. 38), and on Plaintiff's motion for default judgment as to Defendant Roache, filed December 26, 2018 (Dkt. 43).[1]

---

[1] Although Defendants' motion to dismiss and Plaintiff's motion for default judgment are dispositive, whereas Defendants' motion to vacate the entry of default is nondispositive, all three motions are

## **BACKGROUND and FACTS**[2]

On May 22, 2017, Plaintiff Maurice Larry DeLee ("Plaintiff"), proceeding *pro se*, commenced this action alleging Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), violated Plaintiff's civil rights. On August 10, 2017, Plaintiff filed an Amended Complaint (Dkt. 5). In an Order filed October 25, 2017, District Judge Richard J. Arcara dismissed several claims and defendants, leaving claims that while housed at Gowanda Correctional Facility ("Gowanda") awaiting trial in an unrelated matter, Plaintiff was subjected to retaliatory threats on February 25 and 25, 2017, Amended Complaint ¶¶ 32-34, and use of force on March 1, 2017, *id*. ¶¶ 38-41, by Defendants Correctional Officer ("C.O.") Mr. Roache ("Roache"), C.O. Mr. Gates ("Gates"), C.O. Mr. Mattyis ("Mattyis"), C.O. Sergeant F. Deleaney ("Deleaney"), and C.O. Joseph Rogers ("Rogers") (together, "Defendants"). It is undisputed that on March 7, 2017, after being transferred to Cayuga Correctional Facility ("Cayuga") following the trial, Plaintiff filed an inmate grievance ("IG # CAY-18109-17" or "the IG"), with Cayuga Inmate Grievance Resolution Committee ("IGRC"), pertaining to the alleged threats and use of force. Because the IG alleged staff misconduct, the IGRC did not act on it, but passed the IG through to Cayuga's Superintendent. On April 14, 2017, before receiving a response from Cayuga's Superintendent, Plaintiff filed an appeal with the Central Officer Review Committee ("CORC"). While the matter remained pending before CORC, Plaintiff, on May 22, 2017, commenced the instant action. On May 23, 2017, the Superintendent denied the

---

addressed in this combined Report and Recommendation/Decision and Order, in the interest of judicial economy.
[2] The Facts are taken from the pleadings and motion papers filed in this action.

IG.  A hearing on the IG was held before the CORC on June 3, 2018, following which the Superintendent's decision was upheld on June 13, 2018.

On November 16, 2018, Defendants moved to dismiss the action for failure to exhaust administrative remedies (Dkt. 26) ("Defendants' Motion to Dismiss"), attaching in support a Memorandum of Law (Dkt. 26-1) ("Defendants' Memorandum").  In opposition, Plaintiff filed on November 29, 2018, Plaintiff's Reply Affidavit (Dkt. 30) ("Plaintiff's Response"), attaching exhibits.  On December 7, 2018, Defendants filed in further support the Reply Memorandum of Law (Dkt. 35) ("Defendants' Reply").

Meanwhile, on December 6, 2018, Plaintiff requested the Clerk of Court enter default against Defendants Deleaney, Gates, Mattyis, Roache, Rogers, and John Doe defendants 1, 2 and 3.  (Dkt. 34).  On December 10, 2018, default was entered as against Roache for failure to appear or otherwise defend, but not as against Defendants Deleaney, Gates and Mattyis who had filed a motion to dismiss, or as to Defendant Rogers, or the John Doe Defendants for whom no proof of service had been filed.  On December 13, 2018, Defendant Roache moved to vacate the entry of default as against him (Dkt. 38) ("Motion to Vacate"), attaching the Declaration of Assistant Attorney General ("AG") Hillel Deutsch (Dkt. 38-1) ("Deutsch Declaration"), and a Memorandum of Law (Dkt. 38-2) ("Memorandum – Motion to Vacate").  In opposition to the Motion to Vacate, Plaintiff filed on December 26, 2018, a motion for a default judgment as against Defendant Roache (Dkt. 43) ("Motion for Default Judgment"), and Plaintiff's Opposition in Reply to Defendants Declaration of Deutsch and Memorandum of Law (Dkt. 44) ("Plaintiff's Memorandum").

Oral argument was deemed unnecessary.

Based on the following, Defendants' Motion to Dismiss should be GRANTED and Defendants' Motion to Vacate and Plaintiff's Motion for Default Judgment DISMISSED as moot, with the Clerk of Court directed to close the file.

**DISCUSSION**

Defendants move to dismiss the Amended Complaint based on Plaintiff's failure to exhaust administrative remedies prior to commencing this action. In particular, Defendants maintain that because Plaintiff failed to follow the established procedures, Plaintiff failed to fully comply with administrative remedies as required, such that Plaintiff cannot state a claim for relief and requiring dismissal of the Amended Complaint. Defendants' Memorandum at 1-5. In opposition, Plaintiff maintains that he exhausted administrative remedies after commencing the action. Plaintiff's Response at 2-4. Alternatively, Plaintiff maintains that he was not required to exhaust because not all administrative remedies were available to him because he felt threatened and, thus, exhausted via such alternate means as writing letters and verbally complaining. *Id.* at 4-5. There is no merit to Plaintiff's arguments.

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 ..., or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA requires "proper exhaustion," meaning exhaustion in "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Failure to exhaust administrative remedies is an affirmative defense under the PLRA, not a

pleading requirement." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citing cases).

As relevant here, DOCCS's regulations outline the procedures that apply to the Inmate Grievance Program ("IGP") at DOCCS correctional facilities. The first step of the grievance process begins with the filing of a complaint with the grievance clerk within 21 days of an alleged incident. N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 7, § 701.5(a)(1) ("§ 701__"). Upon filing, the grievance clerk numbers and logs the grievances. *Id.* § 701.5(a)(2). The grievance then generally is subjected to three levels of review. *Williams*, 829 F.3d at 119–20.

The first review is by the inmate grievance resolution committee ("IGRC"); the second review is by the correctional facility superintendent; and the third review is by the central office review committee ("CORC"). *Williams*, 829 F.3d at 119 (citing §§ 701.1(c), 701.5). With regard, however, to "harassment grievances," *i.e.*, those involving "employee misconduct meant to annoy, intimidate or harm an inmate," *id.* at 119-20 (citing § 701.2(e)) such grievances "are subject to expedited first-level review by the facility superintendent." *Id.* (citing § 701.8.). Upon identifying an harassment grievance as such, the grievance clerk must forward the grievance to the correctional facility superintendent on the same day that the grievance is filed. *Id.* (citing § 701.8(b)). "If the grievance presents a *bona fide* harassment issue, then the superintendent must initiate an investigation, render a decision on the grievance, and inform the inmate of the decision within 25 days of receipt of the grievance." *Id.* (citing § 701.8(d), (f)). "If the superintendent fails to respond within the required 25 calendar day time limit the grievant may appeal his/her grievance to CORC." *Id.* (citing § 701.8(g);

5

and § 701.6(g)(2) (stating generally that matters not decided within designated time limits "may be appealed to the next step"). Further, if an inmate is transferred to another facility while a grievance is pending, a response to the grievance shall be mailed to the inmate at the new facility, *id.* (citing § 701.6(h)(1)), in which case "[i]f the grievant wishes to appeal, he or she must mail the signed appeal form back to the IGP supervisor at the facility where the grievance was originally filed within seven calendar days after receipt." *Id.* (citing § 701.6(h)(2)). "If an inmate wishes to file a new grievance about an incident that occurred prior to a transfer, he must file the grievance in the facility where he is currently housed, 'even if it pertains to another facility.'" *Id.* (citing § 701.5(a)(1)).

Significantly, in the instant case, Plaintiff admits he did not follow DOCCS's established procedures. Plaintiff's Response at 2-5. Rather, Plaintiff maintains he continued to pursue administrative remedies after commencing this action. *Id.* at 2-4. It is settled, however, that exhaustion of a claim after the complaint has already been filed in federal court does not save the claim from dismissal. *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *abrogated in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). Accordingly, even assuming, *arguendo*, Plaintiff properly considered his IG as alleging harassment, and that such self-categorization supported Plaintiff's filing directly with the Superintendent despite § 701.8(b)'s provision that such decision is for the Grievance Clerk, Plaintiff still failed to await the decision of the Superintendent before filing his appeal to CORC, and also filed the instant action more than one year prior to receiving CORC's decision. Accordingly, that Plaintiff may have completed all

6

required levels of administrative review after commencing this action does not preclude dismissal for failure to exhaust.

Nor is there any merit to Plaintiff's vague assertion that he was unable to follow the procedures out of fear for his safety or confusion as to how to properly exhaust, relying on caselaw exempting inmates from the administrative exhaustion requirement when administrative remedies are unavailable. Plaintiff's Response at 2-4. An administrative procedure is unavailable when (1) "'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'"; (2) it is "'so opaque that it becomes, practically speaking, incapable of use'"; or (3) "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Williams*, 829 F.3d at 123–24 (quoting *Ross*, 136 S.Ct. at 1859–60). Even if Plaintiff's arguments asserted in opposition to summary judgment could establish that the administrative remedies were unavailable, such belated arguments made for the first time in opposing dismissal are insufficient. *See LionKingzula v. Jayne*, 714 Fed.Appx. 80, 82 (2d Cir. Mar. 13, 2018) (affirming grant of summary judgment where, prior to filing papers in opposition to summary judgment, the record was devoid of any indicating the plaintiff had otherwise exhausted administrative remedies). Accordingly, Plaintiff's belated and self-serving assertions are insufficient to avoid dismissal for failure to timely exhaust administrative remedies.

The dismissal of the Amended Complaint based on Plaintiff's failure to exhaust administrative remedies renders the remaining motions, including Defendants' Motion to Vacate and Plaintiff's Motion for Default Judgment moot.

## **CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. 26), should be GRANTED, with Defendants' Motion to Vacate (Dkt. 38), and Plaintiff's Motion for Default Judgement (Dkt. 43), DISMISSED as moot and the Clerk of Court should be directed to close the file.

SO ORDERED, as to Defendants'
Motion to Vacate,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


Respectfully submitted, as to Defendants' Motion to Dismiss and Plaintiff's Motion for Default Judgment,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   August 21, 2019
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    August 21, 2019
              Buffalo, New York