UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

MAURICE LARRY DeLEE,

                    Plaintiff,

                                                    **DECISION AND ORDER**
          v.                                              17-CV-448-A

MR. RUSSO, *et al*.,

                    Defendants.

═══════════════════════════════════════

This prisoner's civil rights case filed by *pro se* plaintiff Maurice Larry DeLee was

referred to Magistrate Judge Leslie G. Foschio pursuant to 28 U.S.C. § 636(b)(1) for

the conduct of pretrial proceedings.  On August 21, 2019, Magistrate Judge Foschio

filed a Report and Recommendation (Dkt. No. 48), recommending that defendants'

motion to dismiss plaintiff DeLee's Amended Complaint (Dkt. No. 5) pursuant to Fed.

R. Civ. P. 12(b)(6) for plaintiff's failure to exhaust administrative remedies (Dkt. No.

26) be granted, and that defendants' motion to vacate (Dkt. No. 38) and plaintiff's

motion for default judgment (Dkt. No. 43) be dismissed as moot.

On September 4, 2019, plaintiff DeLee filed objections to the Report and

Recommendation.  Dkt. No. 49; *see also* Dkt. No. 50.  Defendants filed a response on

September 19, 2019 (Dkt. No. 53), and plaintiff filed a reply on October 4, 2019.  Dkt.

No. 54.  The matter was deemed submitted.

Pursuant to 28 U.S.C. §636(b)(1), the Court makes a *de novo* determination of

those portions of the Report and Recommendation to which objections have been

made.  Upon *de novo* review, and for the reasons that follow, the Court adopts the conclusion in the Report and Recommendation that plaintiff DeLee failed to exhaust available administrative remedies as required by 42 U.S.C. § 1997e(a) and grants the defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Amended Complaint.

**DISCUSSION**

The Court assumes the parties' familiarity with the legal issues that are under review and summarizes the facts and prior proceedings only enough to explain the ruling.  Plaintiff DeLee's Amended Complaint alleges, among other things, that he was subject to harassing misconduct by Corrections Officers employed by the New York State Department of Corrections in February and March 2017 to intimidate him because he was pursing litigation he had filed against other Corrections Officers.  *See* Dkt. No. 5.  The Court is required to accept the allegations of plaintiff's complaint as true and is required to draw reasonable inferences from those allegations in plaintiff's favor when assessing the defendant's Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions" under federal law "until . . . administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).   Defendants argue that this action should be dismissed on the ground that plaintiff DeLee failed to exhaust available administrative remedies.

Plaintiff DeLee filed a timely administrative grievance about the alleged events

underlying the allegations he makes in this action on or about March 20, 2017. *See* Dkt. No. 5, pp. 18-23 (Grievance No. CAY-18109-17). Because plaintiff's grievance involved alleged harassment[1], the grievance was passed through the Inmate Grievance Resolution Committee[2] at the facility where plaintiff was housed without action pursuant to Directive 4040 of the New York State Corrections and Community Supervision Inmate Grievance Program, and was instead directed to Superintendents at the two facilities where the alleged harassing misconduct occurred, Gowanda Correctional Facility and Collins Correctional Facility. *See* 7 NYCRR § 701.8 *and* Dkt. No. 5, pp. 24-26.

Neither of the Superintendents of Gowanda Correctional Facility and Collins Correctional Facility addressed plaintiff DeLee's grievance with a 25-day time limit imposed upon them by § 701.8(f) of Directive 4040, *see* Dkt. No. 5, pp. 26-27, and plaintiff was thereafter free to file an appeal to the Central Office Review Committee (the "CORC") without waiting longer for the Superintendents to act on his grievance. 7 NYCRR § 701.8(g). Plaintiff did so, and the CORC then had 30 calendar days from the date it received his appeal on April 20, 2017 (*see* Dkt. No. 49, p. 15), to render a decision. 7 NYCRR § 701.5(d)(3)(ii). However, the CORC did not meet the 30-day

---

[1]  Plaintiff asserted in the grievance that he was threatened and assaulted to intimidate him and to retaliate against him for pursuing federal civil rights litigation against Corrections Officers. Dkt. No. 5, pp. 18-23. New York State Corrections and Community Supervision Inmate Grievance Program Directive 4040 defines "[h]arassment grievances [as] those grievances that allege employee misconduct meant to annoy, intimidate, or harm and inmate." 7 NYCRR § 701.2(e).

[2]  The Inmate Grievance Resolution Committees are created by N.Y. Correction Law § 139 and are structured as prescribed in more detail at 7 NYCRR § 701.4.

deadline, and it did not obtain consent of the plaintiff to extend its time to render a decision. Dkt. No. 5, p. 26; *see id*. at ¶ 61, pp. 13-14. The Court recognizes that when the CORC defaulted on its deadline to address plaintiff's appeal, the Directive 4040 inmate administrative grievance process provided no procedure for plaintiff to force a decision by the CORC. *See e.g.*, *Bell v. Napoli*, No. 17-CV-850 (ATB), 2018 WL 6506072 (N.D.N.Y. Dec. 11, 2018) *and Rodriguez v. Reppert*, 14-CV-0671, 2016 WL 6993383 (W.D.N.Y. Nov. 11, 2016), *adopting*, 2016 WL 11483439 (W.D.N.Y. Sept. 28, 2016). The CORC eventually decided plaintiff's appeal on or about June 13, 2018, more than a year later than was required by 7 NYCRR § 701.5(d)(3)(ii).

Meanwhile, however, plaintiff DeLee commenced this action on or about May 16, 2017. *See* Dkt. No. 1, pp. 14-15, 64-65. That was approximately 26 calendar days after plaintiff's appeal to the CORC was filed, and was at least a few days before CORC was required to render a decision on his appeal under 7 NYCRR § 701.5(d)(3)(ii). Under these circumstances, the Court finds it clear from the face of the plaintiff's pleadings that plaintiff did not exhaust to his administrative remedies as required by 42 U.S.C. § 1997e(a) before filing this action.

It is well-settled that exhausting available remedies after a lawsuit is filed is insufficient to satisfy the exhaustion requirement of 42 U.S.C. § 1997e(a). *Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001), *overruled in part on other grounds by Porter v. Nussle*, 534 U.S. 516 (2002). And " '[s]trict compliance' with the grievance procedure is required." *McCoy v. Goord*, 255 F. Supp. 2d 233, 246 (S.D.N.Y. 2003) (quotation omitted). Moreover, even though plaintiff DeLee is properly entitled to

special solicitude due to his status as *pro se* litigant who is imprisoned, *Tracy v.*

*Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases), the plaintiff can point

to no circumstance in opposing the defendants' motion to dismiss that existed at the

time he filed this action that might be sufficient to warrant pretrial discovery on whether

there is a viable excuse under *Ross v. Blake*, 136 S.Ct. 1850 (2016), for his premature

filing of the action before he exhausted his administrative remedies under Directive

4040.

The Court recognizes that plaintiff DeLee is "not required to specially plead or

demonstrate exhaustion in [his] complaint[]." *Jones v. Bock*, 549 U.S. 199, 216

(2007). Failure to exhaust is an affirmative defense, and defendants have the burden

to prove it. *Id.* at 211-12. Consequently, dismissal pursuant to Fed. R. Civ. P.

12(b)(6) is appropriate only when failure to exhaust is clear on the face of the

complaint. *See e.g., Quick v. Westchester Cnty.*, No. 18-CV-243, 2019 WL 1083784,

at *3 (S.D.N.Y. Mar. 7, 2019). But that is the case here; plaintiff could prove no set of

facts to excuse his failure to exhaust his administrative remedies by filing this action

even before his administrative appeal to CORC was due to be decided.

## CONCLUSION

For the foregoing reasons, the Court finds that the filing of the Complaint in this

action preceded the exhaustion of plaintiff Maurice Larry DeLee's administrative

remedies under Directive 4040, Title 7, New York Code Rules and Regulations, §§

701 *et seq.*, and that no circumstances excuse his premature filing. The Court

therefore grants defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6) and 42

U.S.C. § 1997e(a) to dismiss the Amended Complaint, and the action is dismissed

without prejudice[3].

      **IT IS SO ORDERED.**


                                         *s/Richard J. Arcara*
                                   HONORABLE RICHARD J. ARCARA
                                   UNITED STATES DISTRICT COURT


Dated:  October 18, 2019

---

[3] Dismissal for failure to exhaust pursuant to 42 U.S.C. § 1997e(a) is without prejudice. *See Morales v. Mackalm*, 278 F.3d 126, 131 (2d Cir. 2002) (per curiam).