UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MAURICE LARRY DeLEE,

                Plaintiff,

v.

**DECISION AND ORDER**
17-CV-448-A

MR. RUSSO, *et al.*,

                Defendants.

Plaintiff Maurice Larry DeLee has filed a *pro se* motion for reconsideration of an October 18, 2019 Decision and Order dismissing his prisoner's civil rights action pursuant to 42 U.S.C. § 1997e(a) and Fed. R. Civ. P. 12(b)(6) because plaintiff DeLee failed to exhausted administrative remedies before commencing the action. For the reasons that follow, the motion is denied.

In his motion for reconsideration, plaintiff DeLee overlooks that the Court explicitly dismissed the action without prejudice. *See* Dkt. Nos. 56, 57, and 61, p.1. Accordingly, to the extent that the relief the plaintiff is seeking is the option to re-file the action because his administrative remedies were exhausted after the case was filed, the motion for reconsideration is moot. He can re-file.

Plaintiff DeLee argues that the Court should reconsider the October 18, 2019 Decision and Order because it "failed to address" that his administrative remedies were exhausted after the action was filed. That is incorrect. *See* Dkt. No. 56, pp. 2-5. The Court noted that plaintiff filed the case before his final administrative appeal was

due to be decided by the Central Office Review Committee, listed the steps plaintiff took to exhaust his administrative remedies, and acknowledged that his final administrative appeal was decided on or about June 13, 2018, which was more than a year after the case was filed. *Id.*

Finally, none of the case law upon which plaintiff DeLee relies in his motion for reconsideration supports his request that the Court excuse his failure to exhaust his administrative remedies before filing this action. Plaintiff overlooks that the Supreme Court's decision in *Ross v. Blake*, 136 S.Ct. 1850 (2016), changed the applicable standard under 42 U.S.C. § 1997e(a) and the "special circumstances test" for excusing a prisoner's failure timely to exhaust administrative remedies. The plaintiff cites no controlling decision that the Court overlooked or misapprehended in dismissing his action without prejudice, no intervening change in law, and the Court therefore finds for all of the above reasons that plaintiff's motion for reconsideration is without merit. The motion for reconsideration (Dkt. No. 61) is therefore denied.

**IT IS SO ORDERED.**

    *s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: November 5, 2019